UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., § <br> as Broadcast Licensee of the June 10, 2006 § <br> Hopkins/Tarver Event, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> PORFIRIO HERNANDEZ, Individually § <br> and d/b/a PILO'S MEXICAN BAR, a/k/a § <br> PILO's, a/k/a PILO'S MEXICAN CAFÉ § <br> § <br> Defendant. § | CIVIL ACTION NO. H-09-1757 |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Transfer Venue (Doc. No. 11). Upon consideration of the Motion, the responsive briefs, and the relevant authorities, the Court finds and concludes that Defendant's Motion should be granted.

I. BACKGROUND

This case arises out of the alleged unauthorized receipt by Defendant at his restaurant, Pilo's Mexican Cafe, of the closed circuit telecast of the Bernard Hopkins versus Antonio Tarver fight program ("Fight"). Plaintiff sues Defendant under the Federal Communications Act, 47 U.S.C. §§ 553 and 605, alleging that Plaintiff illegally intercepted the closed circuit broadcast to which Plaintiff held sub-licensing rights. Defendant now moves to transfer this case from the Houston Division to the Brownsville Division of the Southern District of Texas.

II. LEGAL STANDARD

1

Under 28 U.S.C. Section 1404(a), a correctly filed case may be transferred to another proper venue "[f]or the convenience of parties and witnesses, in the interest of justice." Defendant, as the movant under Section 1404(a), bears the burden of establishing the propriety of the transfer. *In re: Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc). The movant must "show good cause." *Id.* (citing *Humble Oil & Ref. Co. v. Bell Marine Serv.*, 321 F.2d 53, 56 (5th Cir. 1963)). Good cause means that "a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.' Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315 (distinguishing the heavier burden under the *forum non conveniens* standard where the movant must show that the factors "substantially outweigh" the plaintiff's choice of venue).

Although a plaintiff's initial choice of forum is entitled to deference, the degree of deference is higher when he has chosen his home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). Conversely, when a plaintiff is not a resident of the chosen forum, or when the operative facts underlying the case did not occur in the chosen forum, a court gives less deference to a plaintiff's choice. *See In re Horseshoe Entm't.*, 337 F.3d 429, 434-35 (5th Cir. 2003); *Apparel Production Services Inc. v. Transportes De Carga Fema, S.A.*, 546 F. Supp. 2d 451, 453 (S.D. Tex. 2008); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 828 (S.D. Tex. 1993). Transfer is appropriate where a plaintiff chooses a forum other than his home forum and is unable to offer any specific reasons of convenience supporting his choice. *See Piper Aircraft,* 454 U.S at 249 (noting that even

dismissal is appropriate in situations where plaintiff offers no reasons of convenience supporting his choice).

The Supreme Court set forth private and public factors to be weighed in a *forum non conveniens* determination in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), and reaffirmed them in *Piper*, 454 U.S. 235 (1981). The Fifth Circuit then adopted the *forum non conveniens* factors for the Section 1404(a) context. *Humble Oil*, 321 F.2d at 56; *In re Volkswagen*, 545 F.3d at 314 n. 9. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen*, 545 F.3d at 314 (citing *Piper Aircraft*, 454 U.S. at 241 n. 6). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

III.  APPLICATION OF LEGAL STANDARD[1]

In his Motion, Defendant argues that this case should be transferred to the Brownsville Division in Cameron County, Texas because key witnesses in this case reside in this location, and because the events at issue occurred there. Defendant points

---

[1] Plaintiff argues that the Motion to Transfer should be denied, or stricken altogether, because it does not contain proof by a competent affidavit or other documentary evidence in violation of Local Rule 7.7. However, because the factual assertions in the Motion are sworn as true by a verification executed before a notary public, this Court finds that the Motion sufficiently satisfies the Local Rule. Plaintiff also moves to strike Defendant's Reply Brief in support of his Motion to Transfer, arguing that the affidavit attached the Reply constitutes new evidence unfairly insulated from challenge and presented without leave of the Court. This Court finds that the affidavit attached to Defendant's Reply presents the same evidence offered in Defendant's verified Motion and is therefore not untimely. To the extent that the affidavit presents any new evidence, the Court did not consider it in reaching its decision. Therefore, Plaintiff's Motion to Strike is denied.

out that Brownsville is more than three hundred miles from Houston; therefore, should any witnesses need to testify before the Court, they would need to travel this significant distance. Defendant himself resides in Cameron County. Plaintiff is a corporation with its offices in Campbell, California, and counsel for Plaintiff appears to maintain offices in Dallas, Texas. Indeed, it appears that this case presents no connection whatsoever to Harris County, Texas.

Under these facts, this Court does not afford Plaintiff's choice of forum the deference it would otherwise merit. While Plaintiff claims that Defendant is attempting to shift any inconvenience to Plaintiff by transferring the case, it presents no evidence explaining why a case in Cameron County presents a greater inconvenience than one in Harris County. In fact, Plaintiff presents no facts explaining its decision to file this case here as opposed to its own home forum or in the county where the relevant events took place. Furthermore, the private factors listed above weigh heavily in favor of transferring this case, as access to sources of proof and general ease of witnesses is far greater in Cameron County than in Harris County. The public factors give little guidance, as there are no potential conflict of law issues and both forums are equally capable of administering federal law. Notably, both forums are bound by the same legal precedent, as both are in the Southern District of Texas. Because the transferee venue is clearly more convenient than the venue chosen by Plaintiff, and Plaintiff is unable to offer any specific reasons supporting its choice, this Court holds that Defendant's Motion to Transfer is granted.

IV.   **CONCLUSION**

Defendant's Motion to Transfer Venue (Doc. No. 11) is **GRANTED**. This case is hereby transferred to the Brownsville Division of the United States District Court for the Southern District of Texas.

**IT IS SO ORDERED.**

**SIGNED** this 17th day of November, 2009.

_____
KEITH R. ELLISON
UNITED STATES DISTRICT JUDGE